IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVESTER CAIN | ) |
|     Plaintiff, | ) |
| v. | ) No: 1:06-cv-132 (RWR) |
| UNITED STATES, | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1991, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection."

QUESTIONS PRESENTED

Plaintiff, Sylvester Cain, attempted to served the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The complaint fails to allege that plaintiff has filed claims for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Sylvester Cain, filed this complaint on January 23, 2006. The complaint alleges that in connection with the collection of federal

tax "beginning with 'tax year' 1991," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code. (Compl. ¶¶ 1, 7.)1/ On February 24, 2006, plaintiff, Sylvester Cain, filed returns of service showing that plaintiff himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail. (See PACER # 3.)

    2. <u>Relief sought in the complaint</u>. The complaint seeks damages on account of the "reprehensible, egregious, and vexatious behavior of the defendant." (Compl. ¶ 19.)2/

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

    Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. <u>Davis v. Garcia</u>, 222 F.R.D. 386, 388 (C.D. Cal.

---

    1/ Plaintiff's case is one of over 70 known cases filed in this Court with identical or nearly identical complaints/amended complaints.

    2/ Plaintiff also may be seeking declaratory relief. (See Compl. ¶ 28 where plaintiff seeks a determination that "the defendant's principals, officers, agents, rogue agents and/or employees" intentionally or negligently disregarded provisions of the Internal Revenue Code.) If so, declaratory relief is barred by the Declaratory Judgment Act. <u>See</u> 28 U.S.C. § 2201.

2

2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999); Willis v. Tarasen, 2005 WL 1705839, *2 (D. Minn. 2005); Hanberg v. FBI, 2003 WL 21730604, *1 (E.D. La. 2003); Perkel v. United States, 2001 WL 58964, *1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper. See <u>Myers v. American Dental Ass'n</u>, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff, Sylvester Cain, signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Sylvester Cain is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiff has failed to properly serve the United States, and his complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

*This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 7.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal

Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.*

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F.Supp.2d at 128; Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1991); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

      Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations.  Instead, he states that h e"may forego exhausting administrative remedies." (Compl. ¶¶ 6, 30.)  Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

CONCLUSION

Because plaintiff has failed to properly serve the United States and because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

DATE: April 4, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone:  (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on April 4, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> SYLVESTER CAIN
> Plaintiff *Pro Se*
> 215 East Bertrand
> Saint Marys, KS 66536

    /s/ Pat S. Genis
PAT S. GENIS, #446244