RECEIVED
APR 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Sylvester Cain, | ) | |
| | ) | Case No: 1:06cv00132 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES (Government), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ADDENDUM/APPENDIX TO RESPONSE TO MOTION TO DISMISS

As proof and evidence to the Court this addendum is offered to show that the enclosed recent barrage of Notice of Levy sent to me by IRS agent shows that the IRS has no intention of suspending collection activity during the present Court procedures. Also, it shows that IRS "has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." IRS has refused to produce records showing that there is a procedurally proper assessment of the amounts alleged. No assessment, no tax. Again by refusing to produce assessment records the IRS has articulated a position they refuse to reconsider.

Attached: 4 Notice of Levy;
       Documents showing IRS refuses to reconsider

Form 668-A(c)(DO)
(Rev. July 2002)

Department of the Treasury — Internal Revenue Service

## Notice of Levy

DATE: 03/17/2006
REPLY TO:
Internal Revenue Service
120 SE 6th, Bldg 4, Ste 200
Topeka, Ks 66603
Attn: Joni Broadbent

TO: Michael A. Burns
715 Mission
St. Marys, KS 66536

TELEPHONE NUMBER
OF IRS OFFICE:
785-235-2072 x 4

NAME AND ADDRESS OF TAXPAYER:
Sylvester H. Cain
215 E. Bertrand
St Marys, KS 66536

IDENTIFYING NUMBER(S):
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

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CivPen | 12-31-1997 | 500.00 | 122.44 | 622.44 |
| CivPen | 12-31-1998 | 500.00 | 122.44 | 622.44 |
| CivPen | 12-31-1999 | 500.00 | 122.44 | 622.44 |
| CivPen | 12-31-2000 | 500.00 | 122.44 | 622.44 |
| CivPen | 12-31-2002 | 2502.30 | 327.96 | 2830.26 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➡

Total Amount Due ▶ **$5,320.02**

We figured the interest and late payment penalty to ___4-16-2006___

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative: *Joni Broadbent* ID#48-16375
Title: Revenue Officer

Part 4— For Taxpayer

Form **668-A(c)(DO)** (Rev. 7-2002)

**IRS** Department of the Treasury
Internal Revenue Service
PO BOX 145585 STOP 8420G
CINCINNATI, OH  45250-5585

**CERTIFIED MAIL**

7178 2665 9394 5997 1798

Letter Date: 03/30/2006
Taxpayer Identification Number:
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
Contact Person:
JONI BROADBENT
Employee Identification Number:
48-16375
Contact Telephone Number:
(785) 235-2072 x4000



SYLVESTER H CAIN
215 E BERTRAND
SAINT MARYS, KS  66536-1609

001189

## Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on 03/24/2006

| Type of Tax | Tax Period | Amount Owed |
|---|---|---|
| 1040 | 12/31/2003 | 11022.17 |
| 1040 | 12/31/2004 | 10268.08 |

The lien attaches to all the property you currently own and to all property you may acquire in the future. It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options. To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights.*

If you want to request a hearing, please complete the enclosed form 12153, *Request for a Collection Due Process Hearing,* and mail it to:

Internal Revenue Service
4 TOWNSITE PLAZA - SUITE 200
120 SE 6TH STREET
TOPEKA, KS  66603

You must request your hearing by  05/01/2006.

We'll issue a Certificate of Release of the Federal Tax Lien within 30 days after you pay the full amount owed.
To get the current amount owed, contact the person whose name and telephone number appear at the top of this letter.

(over)

Letter 3172 (DO) rev. (11-2004)
Catalog No. 267671

Internal Revenue Service  
4 TOWNSITE PLZ-STE 200  
120 SE 6TH ST, BLDG. 4  
TOPEKA, KS 66603-3506

Department of the Treasury

**CERTIFIED MAIL - RETURN RECEIPT**

SYLVESTER H CAIN  
215 E BERTRAND  
SAINT MARYS, KS 66536-1609

Letter Date:  
03/24/2006  
Social Security or  
Employer Identification Number  
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  
Person to Contact:  
JONI BROADBENT  
Contact Telephone Number:  
(785)235-2072x4  
Employee Identification Number:  
48-16375

## FINAL NOTICE
## NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING
*PLEASE RESPOND IMMEDIATELY*

Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice to your creditors that the government has a right to your current assets, including any assets you acquire after we file the lien.

If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. For more information, we've enclosed Publication 594, *What You Should Know About the IRS Collection Process,* Publication 1660, *Collection Appeal Rights,* and Form 12153, *Request for a Collection Due Process Hearing.* To preserve your right to contest Appeals' decision in the U.S. Tax Court or U.S. District Court, you must send us the completed Form 12153 within 30 days from the date of this letter.

To prevent collection action, please send your full payment today. Make your check or money order payable to U.S. Treasury. Write your social security number or employer identification number on your payment. Send your payment to us in the enclosed envelope with a copy of this letter.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes any credits and payments we've received since we sent our last notice to you. Below is a brief explanation of the interest and/or failure to pay penalty that may be included in the amount you owe:

**Interest - Internal Revenue Code Section 6601**  
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice. Interest is also charged on penalties assessed on your account. Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

Page 1

Letter 1058 (DO) (Rev. 6-2005)  
Catalog Number: 40488S

**Paying Late - Internal Revenue Code Section 6651(a)(2)**
We charge a penalty when your tax is not paid on time. Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

If you have recently paid this tax or you can't pay it, call us immediately at the telephone number shown at the top of this letter and let us know.

Sincerely yours,

*[signature]*

JONI BROADBENT
REVENUE OFFICER

The amount you owe through 04/23/2006 is:

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty | Additional Interest | Amount You Owe |
|---|---|---|---|---|---|
| 1040 | 12/31/2003 | $11022.17 | $146.37 | $116.86 | $11285.40 |
| 1040 | 12/31/2004 | $10268.08 | $146.82 | $108.87 | $10523.77 |
| | | | | Total: | $21809.17 |

Enclosures:
Copy of this letter
Pub. 594
Pub. 1660
Form 12153

Page 2

Letter 1058 (DO) (Rev. 6-2005)
Catalog Number: 40488S

| Form 668-W(c)(DO) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: 05/16/2005
REPLY TO:
    Internal Revenue Service
    Joni Broadbent
    120 SE 6th, Bldg 4, Ste 200
    Topeka, KS 66603

TELEPHONE NUMBER OF IRS OFFICE:
785-235-2072 ext 4

TO:
Office of Personnel Management
Attn: Sharon Peterson
1900 E St NW
Washington, DC 20415-3532

NAME AND ADDRESS OF TAXPAYER:
Sylvester H. Cain
215 E. Bertrand
Saint Marys, KS 66536-1609

MAY 25 2005

IDENTIFYING NUMBER(S):
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

A 2 929 605

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| Civ Pen | 12-31-1997 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1998 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1999 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-2000 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-2002 | 2502.30 | 175.45 | 2677.75 |
| | | | **Total Amount Due** ▶ | **$5,033.35** |

We figured the interest and late payment penalty to 6-16-2005

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

**If you don't owe money to this taxpayer,** please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

**If you do owe money to this taxpayer,** please see the back of this page for instructions on how to return this notice.

FILE

| Signature of Service Representative | Title |
|---|---|
| Joni Broadbent | Revenue Officer |

| Part 1 — For Employer or other Addressee | Catalog No. 15703I | www.irs.gov | Form **668-W(c)(DO)** (Rev. 7-2002) |

Form 668-W(c)(DO)  
(Rev. July 2002)

Department of the Treasury – Internal Revenue Service

## Notice of Levy on Wages, Salary, and Other Income

DATE: 05/16/2005  
REPLY TO:  
Internal Revenue Service  
Joni Broadbent  
120 SE 6th, Bldg 4, Ste 200  
Topeka, KS 66603  

TELEPHONE NUMBER OF IRS OFFICE:  
785-235-2072 ext 4  

TO:  
Office of Personnel Management  
Attn: Sharon Peterson  
1900 E St NW  
Washington, DC 20415-3532  

NAME AND ADDRESS OF TAXPAYER:  
Sylvester H. Cain  
215 E. Bertrand  
Saint Marys, KS 66536-1609  

IDENTIFYING NUMBER(S):  
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  

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12-31-1994 | 891.99 | 2913.62 | 3805.61 |
| 1040 | 12-31-1995 | 3843.88 | 2827.75 | 6671.63 |
| 1040 | 12-31-1996 | 3591.07 | 2579.01 | 6170.08 |
| 1040 | 12-31-1997 | 4917.86 | 396.85 | 5314.71 |
| 1040 | 12-31-1998 | 4604.97 | 338.66 | 4943.63 |
| 1040 | 12-31-1999 | 4350.37 | 318.04 | 4668.41 |
| Civ Pen | 12-31-1991 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1992 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1993 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1994 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1995 | 500.00 | 88.90 | 588.90 |
| Civ Pen | 12-31-1996 | 500.00 | 88.90 | 588.90 |
| | | | Total Amount Due ▶ | $35,107.47 |

We figured the interest and late payment penalty to 6-16-2005

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

Signature of Service Representative  
*Joni Broadbent*

Title: Revenue Officer

Part 1 — For Employer or other Addressee   Catalog No. 15703I   www.irs.gov   Form 668-W(c)(DO) (Rev. 7-2002)

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY

TRANSCRIPT OF TELECON 12/16/99, 10:00 A.M.

Conversation between Helen M. Latta = H, and Sylvester H. Cain = S
S. Hello  H. You had asked to record this?  S. Yes.  H. OK, then let me set it up then so we can record also.  S. OK.  H. hello, S. hello,  H. are you there? S. yup.  H. OK, OK, we are ready to go.

H.  What we have in front of us today is a collection due process conference hearing and the way it came about is, there was an assessment against you.  And this involved '93, '94, '95, '96 tax years.  And after this assessment the Service sent out Notice and Demands, and they didn't get payment, they sent out Final Notice and Demand.  And as a result you sent in a Collection Due Process Request for a Hearing in Appeals, and that is why I have the case.  So, at this point, at first I want to identify the participants here, my name is Helen Latta, my ID is 3-26391.  And I also have my Associate Chief in the office, William J. O'Niell.  And who is there with you?, is there anyone there with you?.  S. yes, my wife is here.  H. OK, and her name is...  S. Pat, Patricia.  H. Patricia, OK.  And no one else? S. No., and you are a Settlement Officer,?  H. That is my title!  S.  Is that your purpose in this conference then, to effect a Settlement in my behalf.  H.  We can come to a settlement based on the Collection Due Process guidelines.  What we have is a hearing, because you requested it, on the collection due process.  And basically that means that the Collection Division came to the point of investigating these assessments, and says we are not getting anywhere, only to take some sort of collection action.  So they sent out a Final Demand, along with it the Final Demand they sent you the right to take your case to Appeals, and to present whatever issues that you feel at this point are appropriate for Appeals to hear, that may impact the Collection of your account.
S.  Right.  And of course in each case I responded in writing and I was always asking questions concerning my due process, my right of due process.  And also how it is that a Settlement Officer came... Ah, not a Settlement Officer, I mean an Assessment Officer came to the conclusion that I owed money.  And I have asked frequently for that, even in the letter that I wrote to you, on the 29th, by the way have you responded to that letter yet?
H. Well this is part of the response right now.  It is part of your Appeal, any information that you provide to us, in writing, is part of your Appeal, it can become part of the hearing, and will become part of the response that you receive when we are through here.

S. OK, . So then I made it clear in that letter of November 29th , (1999) that...
H. You did raise a lot of issues.. S. yes. H. in that letter, some of those issues I can respond to in the Collection Due Process, parameters , some of those are out side of the parameters, and I wouldn't actually have jurisdiction over those. So what we can do is talk about Alternative Collection Options at this particular point.
S. OK, now there isn't any need to talk about Alternative Collection Options because, like I pointed out in the letter, that the Release of Levy applied to subsequent years. And the Release of Levy then , as I said in previous letters, that I didn't owe what the IRS had taken from me during those 35 months under the Color of Law, they hadn't really determined that I had 'Gross Income', even though that I have asked, numerous times, for, you know, a copy of 23C or any supporting documents about an Assessment Officer, and the only Assessment that I had any reference to at all was from the District Director, who assessed me at "zero", and I have said that in many of my previous documents too. So we have to find out the pertinent part of this Assessment, and who that Assessment Officer is and what day he dated it because the Internal Revenue Manual states that it is supposed to be signed and dated, and I have asked for a copy of that but I never did get it.
H. OK, apparently you had been levied on before, from what you said, that you had a levy and it was released, is it released because it was paid, or released because of some other reason. And I don't have that information in front of me, but I ...
S. I would think as a Settlement Officer you would have that information, because it was in my letter.
H. OK, yeah,
S. And,
H. Good Point.
S. It had to do with, it was a levy and there was a continuing levy, and the Release of Levy released both of those levies. So...
H. OK,
S. we are talking about double jeopardy at least!!
H. OK, so you're saying that right now that you aren't being collected on!...
S. that's right.
H. They're not collecting anything on you at this point?
S. That's right.
H. Because the levy was released.
S. yes. H. OK! I don't know why the levy was released ... S. and we don't either, we were wondering why. H. Well, you can voluntarily pay it anytime even though the levy was released.
S. But see then I would be doing something illegal, as I pointed out, because I don't have any 'Gross Income' ... H. OK, ... S. and my due process, actually I never had

a, ah, an Examination Interview, so consequently I never was faced with my Adverse ... ah, ... people who were saying that I do owe taxes... H. uhuh... S. or that I did have 'Gross Income'... H. OK, let us clear up one point, if a levy is released it doesn't release, or abate, an Assessment. So the Assessment would still be on the books.
S. OK, but we don't have an Assessment, this is my point.
H. OK... ahhh, from the information that was in the file that was given to me, ah, there was a point, where ah, a Statutory Notice of Deficiency went out to you, and you had 90 days at that point to take the Proposed Assessment to Tax Court, and apparently that was not done. At that particular point you had Due Process to argue whether or not you should be Assessed
S. Which I did, H. Argue, or you took it to court? S. No, I didn't take it to court, I wrote for the information that I would have to have, because before you can go to court you have to have everything settled at the Administrative Level, and I didn't have, you know , this signed Assessment from anyone, and I didn't have an Examination Interview, and I was not able to confront my Adverse Witnesses, ..
H. I don't think we can...   S. That's all part of Due Process. H. You would not have been privy to an Assessment because there would have been no Assessment, the court would have decided whether or not there should be an Assessment. And the court would have allowed you time to get those documents together. Ah, ah, I'm sorry that you have a misunderstanding there , or as what you needed at that particular point, but ah, ah, what I understand is that you had 90 days to take it to court, and you didn't take it to court and therefore the Service Assessed...
S. Like I explained, I couldn't take it to court because I didn't have all of these Administrative Remedies in place... H. uhhu, ...
S. and I asked for them but I got no response. H. OK. S. And I am still asking for them .
H. Under Collection Due Process, under this Hearing, in my opinion, the Assessment of the tax has already been subject to Due Process. And under Collection Due Process, if you already had an opportunity to Due Process, it means that you wouldn't have the opportunity to bring that issue up again in Collection Due Process.
S. Yes but like you say that's your opinion .. H. that's my opinion, right!
S. yes and my opinion, I already stated it twice in this conference... H. that is all we have at this particular level is opinion,
S. yes,
H. What I will do after our conference is write a Determination Letter, based on what you are telling me hear, what's in the file, and what I know about the Code and the Regulation, and then you will have ONE More Opportunity to take this to Tax

Court, because, you will get a letter from Appeals saying that you have an opportunity to take it to Tax Court. So before you go to Tax Court on those issues...you also have an opportunity to talk about any Alternative Collection Actions that you want to talk about other than the levy. Because the SERVICE IS PREPARED TO LEVY AGAIN. S. uhuh,... H. if you want to talk about other ways of paying them we can talk about that.
S. If it is determined by someone that I had 'Gross Income' and that I am liable, OK? That is what the issue is here. We don't have a Determination, and I have asked for that person's name, and since I don't have it maybe its your name! Since you're the one who is Assigned to this case over and above Angie Andersen, and Joni Broadbent. So... H. No I didn't have anything to do with the Assessment.
S. Well who did? H. I only had, I only received this case after the Assessment..
S. OK... H. You had a Notice and Demand, and a Final Notice and Demand and you asked for Collection Due Process.
S. So if you don't know the person's name who did the Assessment, how do you know that I had an Assessment?
H. If you want to request copies of your files you may do that under Freedom of Information... S. I did that and you sent me something that was unsigned and those papers used the term: 'Assessment', and the papers also used the term: 'Gross Income', and I have said previously many times that I don't understand where this all comes from. And I said it in writing so it can't be said when and if we go to court ... all of the past documents, which you should have in my file, if you have my file... H. uhuh... S. and they should have been studied because you have used the term: 'Gross Income', in this attachment to your letter and your letter was dated November 19, (1999) and ah...
H. What I will do before I write my Determination Letter is go back and look at all the papers that were given to me. S. uhuh... H. from the Internal Revenue Service, some Service... S. some Service?. H. yah, from either Examination or Collections, and, ah, I will take your concerns into consideration, and see if there is a reason, ah that you should be concerned or can be concerned or if there is something that would impact ah, ah, the Assessment. So I can take a look at that! S.uhuh...OK, and in your response, or your letter to me, or whatever you call it, Document, be sure to treat all the points in my Document of November 29th (1999) that I sent to you because all those are pertinent to this issue. That is why I brought them up, and I have brought them up continuously for, I don't know how many years.
H. What I will be able to ... What I will be able to do is ah, is address your concerns around the parameters of Collection Due Process. Ah, if it is outside the realm of Collection Due Process then it wouldn't be...something that I can address, but ah, I can address the concerns you have for this conference, this hearing...

S. as I understand it nothing is outside the realm of Due Process.
H. you said at one time that you had an Assessment of 'zero'
S. on my Individual Master File... H. that must be on a transcript of your account
S. yes... H. Do you have a Transcript of your account? S. I did have, I don't know if I still do or not. H. Did you want another one? ... I may have sent a copy to you.
S. Individual Master File, what they call an Individual Master File.
H. I can provide that to you if you want to see the Assessment Documents, and those Transcripts that the Service uses, ... S. yes, H. ...they have been accepted in court as verification that the Service has in fact made an Assessment.
S. uhuh
H. when I look at a case and I see those Transcripts I can know at that particular point that there was an Assessment made. The courts have also accepted those Transcripts.
S. So then you can send me that, and also treat the other points in my letter that I made such as the Examination Interview and Changes to the Report of the Examination and also how you fit into this scheme of as (her phone ringing) a Settlement Officer, is that your phone I guess, H. yah, but you can ignore it because the answering machine will pick it up.
S. So I will be waiting for your response in writing to all of this.
H. Do you have anything else as far as Alternatives to Collection that you want to discuss
S. Not at this point, I will see what you have in writing and then...
H. This is your opportunity to talk about the Alternatives.... Once the Determination has been made... S. see I can't talk about alternatives... H. and then your next option would be to go to court. S. yah
S. See I can't talk about Alternatives because I haven't seen any Assessment signed and dated like it says in the Internal Revenue Manual, and the Code of Federal Regulations that they are supposed to be signed and dated so...ah and that is part of my due process, which I have asked for many times.
H. it was part of the prior due process, unfortunately because, ah that was part of the prior, or that was part of the Assessment and you had the opportunity at that particular point to take those issues to court. Ah, so unfortunately , since you had the opportunity on those issues at that time to go to court and didn't, in my opinion it is no longer part of this particular...
S. yes, your opinion
H. yes my opinion.
S. the Code of Federal Regulations and Internal Revenue Manual does not support your opinion
H. That might be something you want to raise if you take this to tax court, after you

get the Determination Letter. Is there anything else that you want to raise?
S. Not at this time, til I see what you have in writing.
H. OK. Ah my Associate Chief is here, she, ah he wants to say a few words?
S. OK. B. Mr., Cain?   S. Yes,  B. My name is Bill O'Neil, I'm the Associate Chief here?  S. yes,  B. I just want to make sure that you understand that once you get Helen's Determination Letter it will explain in there that you have 30 days to file a Request to go to tax court, if you don't file within a 30 day period beginning with the day that letter is dated you will lose your right to go to Tax Court under ...Collection Due Process, do you understand that?
S. yes
B. ok
H. ok, was there anything else that you wanted to raise?
S. like I said before, not till I see what we get in writing, and then I will respond to it in writing so we can treat it point by point.
H. ok if you would want to respond to it at that point you would want to respond to it to Tax Court.
S. yes, if that is what the Code and the Regulations call for, yes.
H. yes. Ok
s. we'll see.
H. are we clear on that then?
S. ok,  H. thank you.   S. you're welcome.

A TRUE AND CORRECT COPY
I CERTIFY THAT THIS IS

I CERTIFY THAT THIS IS
A TRUE AND CORRECT COPY

*Sylvester Cain*
4/20/06