# TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION

# There Was One Administrative Action With Respect to Violations of Fair Tax Collection Practices in Calendar Year 2005

## April 2006

## Reference Number: 2006-10-070

This report has cleared the Treasury Inspector General for Tax Administration (TIGTA) disclosure review process and information determined to be restricted from public release has been redacted from this document.

**Phone Number**  | 202-927-7037
**Email Address** | Bonnie.Heald@tigta.treas.gov
**Web Site**      | http://www.tigta.gov

April 21, 2006

**MEMORANDUM FOR** CHIEF HUMAN CAPITAL OFFICER
CHIEF COUNSEL

**FROM:**  Michael R. Phillips /s/ Michael R. Phillips
Deputy Inspector General for Audit

**SUBJECT:** Final Audit Report – There Was One Administrative Action With Respect to Violations of Fair Tax Collection Practices in Calendar Year 2005 (Audit # 200610018)

This report presents the results of our review of violations of Fair Tax Collection Practices. The overall objective of this review was to obtain information on any Internal Revenue Service (IRS)


EXHIBIT 9

administrative or civil actions resulting from Fair Tax Collection Practices [1] violations by IRS employees. Section (§) 1102 (d)(1)(G) of the IRS Restructuring and Reform Act of 1998 [2] requires the Treasury Inspector General for Tax Administration to include in one of its Semiannual Reports to Congress information regarding any administrative or civil actions related to the violations of the fair debt collection provisions of 26 U.S.C. § 6304.

## Synopsis

Our review of 45 cases closed during the period January 1 through December 31, 2005, that were coded as Fair Debt Collection Practices Act (FDCPA) [3] violations, and an additional 169 employee misconduct cases that are similar in nature to FDCPA cases, identified 1 administrative action with respect to violations of Fair Tax Collection Practices. However, there were no civil actions that resulted in the IRS paying monetary settlements to taxpayers because of a Fair Tax Collection Practices violation.

## Response

We made no specific recommendations as a result of the analyses performed during this audit. However, IRS management reviewed a draft of this report and agreed with the facts and findings presented.

Copies of this report are being sent to the IRS managers affected by the report. Please contact me at (202) 622-6510 if you have questions or Dan Devlin, Assistant Inspector General for Audit (Headquarters Operations and Exempt Organizations Programs), at (202) 622-8500.

## Table of Contents

Background

Results of Review

    There Was One Administrative Action With Respect to Violations of Fair Tax Collection Practices

    No Fair Tax Collection Practices Civil Actions Resulted in Monetary Settlements to Taxpayers

## Appendices

Appendix I – Detailed Objective, Scope, and Methodology

Appendix II – Major Contributors to This Report

Appendix III – Report Distribution List

Appendix IV – Fair Tax Collection Practices Provisions

## Background

Section (§) 1102 (d)(1)(G) of the Internal Revenue Service (IRS) Restructuring and Reform Act of 1998 (RRA 98) [4] requires the Treasury Inspector General for Tax Administration (TIGTA) to include in one of its Semiannual Reports to Congress information regarding any administrative or civil actions related to violations of the fair debt collection provisions of 26 U.S.C. § 6304, Fair Tax Collection Practices. [5] The IRS has traditionally referred to the 26 U.S.C. § 6304 violations as "Fair Debt Collection Practices Act" (FDCPA) [6] violations. The TIGTA Semiannual Report to Congress must provide a summary of such actions and include any judgments or awards granted.

The law itself does not provide an explanation of what is meant by "administrative actions." We used the IRS' definition when determining the number of FDCPA violations to be reported under RRA 98 § 1102 (d)(1)(G). The IRS' definition of administrative actions include disciplinary actions that range from admonishment to removal. Lesser actions, such as oral or written counseling, are not considered administrative actions.

As originally enacted, the FDCPA included provisions that restricted various collection abuses and harassment in the private sector. These restrictions did not apply to Federal Government practices. However, Congress believed that it was appropriate to require the IRS to comply with applicable portions of the FDCPA and to be at least as considerate to taxpayers as private creditors are required to be with their customers (see Appendix IV for a detailed description of the FDCPA provisions). As such, RRA 98 § 3466(a) required the IRS to follow Fair Tax Collection Practices in line with the FDCPA.

Taxpayer complaints about IRS employees' conduct can be reported to several IRS functions for tracking on its management information systems. If a taxpayer files a civil action or if IRS management determines that the taxpayer's rights related to Fair Tax Collection Practices were

potentially violated, the complaint could be referred and then tracked on one or both of the following IRS systems:

- Office of Workforce Relations' Automated Labor and Employee Relations Tracking System (ALERTS), which generally tracks employee behavior that may warrant IRS management administrative actions.

- Office of Chief Counsel's Counsel Automated System Environment (CASE), which is an inventory control system that tracks items such as taxpayer civil actions or bankruptcies.

The IRS began tracking FDCPA codes on the ALERTS in March 1999 and on the CASE in June 1999.

For the Calendar Year 2005 review, we analyzed closed cases from the ALERTS and the CASE to identify violations of Fair Tax Collection Practices. However, we could not ensure the cases recorded on the ALERTS and the CASE constitute all Fair Tax Collection Practices violations. Furthermore, the scope of our audit was not intended to determine the accuracy or consistency of disciplinary actions taken against employees for Fair Tax Collection Practices violations that were not reported to the Office of Workforce Relations.

This review was performed at the Chief Human Capital and Chief Counsel Offices in the IRS National Headquarters in Washington, D.C., during the period January to March 2006. The audit was conducted in accordance with *Government Auditing Standards*. Detailed information on our audit objective, scope, and methodology is presented in Appendix I. Major contributors to the report are listed in Appendix II.

## Results of Review

## There Was One Administrative Action With Respect to Violations of Fair Tax Collection Practices

There were 45 cases initially coded as FDCPA complaints closed on the ALERTS during the period January 1 through December 31, 2005.[7] However, only 14 of the 45 cases involved administrative actions being taken against employees. Of the 14 cases with administrative actions, none were a violation of the FDCPA; 12 cases were miscoded in the ALERTS, and the allegations related to the FDCPA were not substantiated for the other 2 cases. Most of the miscoded cases involved unprofessional conduct of employees.

Because of the high number of miscoded cases, we also reviewed 169 additional cases involving

employee misconduct allegations that are similar in nature to violations of Fair Tax Collection Practices and identified 1 case that was an FDCPA violation. The case involved an IRS employee using profane language in the presence of a taxpayer or taxpayer's representative while in the course of performing official duties. The case should have been coded as a violation of Fair Tax Collection Practices instead of unprofessional conduct of an employee. The employee left the IRS in lieu of removal.

Oral or written counseling is not considered an administrative action under the IRS' definition. Since the IRS does not routinely track all informal oral counseling or minor actions against its employees, it is not possible to determine how often, and for what reasons, informal oral counseling or other minor disciplinary actions occurred.

## No Fair Tax Collection Practices Civil Actions Resulted in Monetary Settlements to Taxpayers

Section 7433 of the Internal Revenue Code provides that a taxpayer may bring a civil action for damages against the Federal Government if an officer or employee of the IRS recklessly or intentionally, or by reason of negligence, disregards any provision of the Internal Revenue Code, or related regulation, in connection with the collection of Federal tax.

There were no cases closed on the CASE for which the IRS paid damages to taxpayers resulting from a civil action filed due to a Fair Tax Collection Practices violation.

## Appendix I

## Detailed Objective, Scope, and Methodology

The overall objective of this audit was to obtain information on any Internal Revenue Service (IRS) administrative or civil actions resulting from Fair Tax Collection Practices (FTCP)[8] violations by IRS employees. Specifically, we:

I.  Identified the number of FTCP violations resulting in administrative actions.

   A. Obtained a computer extract from the Automated Labor and Employee Relations Tracking System (ALERTS)[9] of any cases opened after July 22, 1998, coded as Fair Debt Collection Practices Act[10] violations (Issue Codes 141 to 147), and closed during the period January 1 through December 31, 2005. We analyzed the ALERTS extract and obtained additional case file information from the Labor

Relations function, if needed, to determine the type of violation.

B. Determined if any cases involving FTCP violations resulted in administrative actions.

C. Obtained a computer extract from the ALERTS of any cases opened after July 22, 1998, with the following Issue Codes:

- 058 (Unprofessional Conduct - limited to only those closed with a disposition code of 009 or higher).

- 114 (Conviction Assault/Battery - all disposition codes).

- 119 (Threat of Audit/Personal - all disposition codes).

- 999 (Not Otherwise Coded - limited to only those closed with a disposition code of 009 or higher) and closed during the period January 1 through December 31, 2005.

Note: We did not attempt to independently validate the accuracy of the complete ALERTS database for this review. We limited our work to only assess the accuracy of the Issue Codes for those cases which met our criteria as listed in steps I.A through I.C.

II. Identified the number of FTCP violations resulting in IRS civil actions (judgments or awards granted) by obtaining a computer extract from the Counsel Automated System Environment[11] database of any Subcategory 6304 (established to track FTCP violations) cases opened after July 22, 1998, and closed during the period January 1 through December 31, 2005. The Office of Chief Counsel identified no cases.

**Appendix II**

## Major Contributors to This Report

Daniel R. Devlin, Assistant Inspector General for Audit (Headquarters Operations and Exempt Organizations Programs)
Carl L. Aley, Acting Director
Kevin P. Riley, Audit Manager
Tom J. Cypert, Lead Auditor
Frank I. Maletta, Auditor
William E. Thompson, Auditor

# Appendix III

## Report Distribution List

Commissioner  C
Office of the Commissioner – Attn: Chief of Chief  C
Deputy Commissioner for Operations Support  OS
Director, Workforce Relations  OS:HC:R
National Taxpayer Advocate  TA
Director, Office of Legislative Affairs  CL:LA
Director, Office of Program Evaluation and Risk Analysis  RAS:O
Office of Management Controls  OS:CFO:AR:M
Audit Liaisons: Chief Counsel  CC
        Chief Human Capital Officer  OS:HC

# Appendix IV

## Fair Tax Collection Practices Provisions

To ensure equitable treatment among debt collectors in the public and private sectors, the Internal Revenue Service (IRS) Restructuring and Reform Act of 1998 [12] requires the IRS to comply with certain provisions of the Fair Debt Collection Practices Act. [13] Specifically, the IRS may not communicate with taxpayers in connection with the collection of any unpaid tax:

- At unusual or inconvenient times.

- If the IRS knows that the taxpayer has obtained representation from a person authorized to practice before the IRS, and the IRS knows or can easily obtain the representative's name and address.

- At the taxpayer's place of employment, if the IRS knows or has reason to know that such communication is prohibited.

Further, the IRS may not harass, oppress, or abuse any person in connection with any tax collection activity or engage in any activity that would naturally lead to harassment, oppression, or abuse. Such conduct specifically includes, but is not limited to:

- Use or threat of violence or harm.

- Use of obscene or profane language.
- Causing a telephone to ring continuously with harassing intent.
- Placement of telephone calls without meaningful disclosure of the caller's identity.

---

[1]

26 U.S.C. § 6304 (2004).

[2]

Pub. L. No. 105-206, 112 Stat. 685 (codified as amended in scattered sections of 2 U.S.C., 5 U.S.C. app., 16 U.S.C., 19 U.S.C., 22 U.S.C., 23 U.S.C., 26 U.S.C., 31 U.S.C., 38 U.S.C., and 49 U.S.C.).

[3]

15 U.S.C. §§ 1601 note, 1692-1692o (2000). The IRS has traditionally referred to the Fair Tax Collection Practices violations under 26 U.S.C. § 6304 as "Fair Debt Collection Practices Act" violations.

[4]

Pub. L. No. 105-206, 112 Stat. 685 (codified as amended in scattered sections of 2 U.S.C., 5 U.S.C. app., 16 U.S.C., 19 U.S.C., 22 U.S.C., 23 U.S.C., 26 U.S.C., 31 U.S.C., 38 U.S.C., and 49 U.S.C.).

[5]

26 U.S.C. § 6304 (2004).

[6]

15 U.S.C. §§ 1601 note, 1692-1692o (2000).

[7]

This included cases opened after July 22, 1998, and closed during the period January 1 through December 31, 2005.

[8]

26 U.S.C. § 6304 (2004).

[9]

The Office of Workforce Relations' ALERTS generally tracks employee behavior that may warrant IRS management administrative actions.

[10]

15 U.S.C. §§ 1601 note, 1692-1692o (2000).

[11]

The Counsel Automated System Environment is an Office of Chief Counsel inventory control system that tracks items such as taxpayer civil actions or bankruptcies.

[12]

Pub. L. No. 105-206, 112 Stat. 685 (codified as amended in scattered sections of 2 U.S.C., 5 U.S.C. app., 16 U.S.C., 19 U.S.C., 22 U.S.C., 23 U.S.C., 26 U.S.C., 31 U.S.C., 38 U.S.C., and 49 U.S.C.).

[13]

15 U.S.C. §§ 1601 note, 1692-1692o (2000).