IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVESTER CAIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-132 (RWR) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED.R.CIV.P. 60(b)(3) & (6)**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff sought damages for alleged "wrongful collection."

STATEMENT & DISCUSSION

1. <u>Background</u>. Plaintiff, Sylvester Cain, filed a complaint for damages and other relief on January 23, 2006. (PACER #1.) The United States moved to dismiss the complaint on April 4, 2006. (PACER #4.) On July 10, 2006, the Court dismissed the complaint, and the Clerk entered the order of dismissal on the same day. (*See* PACER #9 & 10.)

2. <u>Plaintiff's rule 60 motion</u>. On March 14, 2007, plaintiff filed a motion for "relief from the Order . . . dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P.60(b)(3) and (6)." (Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 1.) The motion seeks to

2338944.1

vacate the Court's order of dismissal issued and entered on July 10, 2006. (*Id*. at 1.)

    3.  <u>Plaintiff's rule 60(b)(3) motion is baseless</u>.  The standard for relief under rule 60(b)(3) is exacting: plaintiff must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct." *Martin v. Howard Univ.,* 2000 WL 2850656, *3 (D.D.C. 2000), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

    Plaintiff presents eight arguments in support of his motion for reconsideration. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 5, 7, 8 16 & 17.)<u>1</u>/ None specifies whether it is in support of rule 60(b)(3) or (6).  But it appears that only three allege misconduct, misrepresentation or fraud. (*Id*. at 2, 5 & 17.) Plaintiff asks whether the United States United States misrepresented the Court's subject-matter jurisdiction, committed a fraud upon the Court by its Declaratory Judgment Act assertions, and willfully mischaracterized his complaint as a refund

---

    <u>1</u>/ These legal arguments are: 1) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 2); 2) was dismissal for failure to state a claim premature under the notice pleading regime of the federal courts (p.2); 3) were the United States assertions regarding the Declaratory Judgment Act a fraud on the Court (p.5); 4) can section 7433 be harmonized with the Declaratory Judgment Act (p.5); 5) did the United States "read into" section 7433 an exhaustion requirement that was not in the statute (p.7); 6)  is 26 U.S.C. § 301.7433-1 a valid regulation (p.8); 7) did plaintiffs adequately demonstrate their exhaustion of administrative remedies under the notice pleading regime of the federal courts (p. 16); and 8) did the United States willfully misconstrue plaintiffs' complaint as a "refund suit" (p.17)?

action. (*See, id.* at 2, 5 & 17.)

The United States' position that a failure to exhaust administrative remedies deprives this Court of subject-matter jurisdiction under the principle of sovereign immunity is supported by caselaw in this jurisdiction, although the United States is aware that there is now a split of authority in this Court on this issue. Similarly, the United States' position, in a footnote, that this Court lacks jurisdiction to declare the rights of parties with respect to federal taxes is supported by statute and caselaw. Plaintiff's tax refund argument is inexplicable, since he did not request a tax refund in his complaint, and the United States did not mention a tax refund in its motion to dismiss.2/

In addition, because this Court explicitly declined to dismiss plaintiff's complaint on the ground of subject-matter jurisdiction, and was correct as a matter of law with respect to the Declaratory Judgment Act, plaintiff cannot demonstrate "actual prejudice" as required by rule 60(b)(3).

4. <u>Plaintiff's rule 60(b)(6) motion is baseless</u>. Relief under Fed.R.Civ.P. 60(b)(6) should be only sparingly granted. *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). The rule applies only to extraordinary circumstances. *Id.* Nevertheless, when a party timely presents a previously undisclosed

---

2/ One possible explanation for this argument is that plaintiff's motion for consideration, and the arguments therein, are nearly identical to several filed in this Court recently by *pro se* plaintiffs whose complaints have been dismissed. In some instances, the *pro se* plaintiff had requested a tax refund; plaintiff in this case had not done so.

fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

It is clear from plaintiff's papers that all eight of his arguments are presentations of purely legal arguments. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 5, 7, 8, 16 & 17.)  A legal argument is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust."  These arguments, which plaintiff could have – and should have – made previously, do not constitute the "extraordinary circumstances" that would justify relief under rule 60(b)(6).

## CONCLUSION

It is the position of the United States that plaintiff's motion under Fed.R.Civ.P. 60(b)(3) & (6) should be denied.

DATE:   March 22, 2007.

        Respectfully submitted,

        /s/ Pat S. Genis
        PAT S. GENIS, #446244
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, DC  20044
        Telephone/FAX:  (202) 307-6390/614-6866
        Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3) & (6) was served upon plaintiff on March 22, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> SYLVESTER CAIN
> Plaintiff *Pro Se*
> 215 East Bertrand
> Saint Marys, KS 66536

/s/ Pat S. Genis
PAT S. GENIS #446244