```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                               )
SYLVESTER CAIN,                )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 06-132 (RWR)
                               )
UNITED STATES,                 )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM ORDER

Pro se plaintiff Sylvester Cain has moved under Federal Rule of Civil Procedure 60(b)(3) and (b)(6) for relief from an order dismissing Cain's suit for damages under 26 U.S.C. § 7433. The memorandum order accompanying the dismissal order explained that Cain's action was dismissed "[b]ecause Cain did not exhaust his mandatory administrative remedies[.]" Mem. Op. at 1, July 10, 2006. Cain's motion for relief does not dispute that the court's conclusion was correct, but states that he pursued his administrative remedies in August 2006, after this action was dismissed in early July. (Pl.'s Mem. in Supp. of Mot. for Relief from Order of Dismissal under Fed. R. Civ. P. 60(b)(3) & (6) ("Pl.'s Mem.") at 18.)

Given these facts, Cain has not shown that the government's conduct of this case resulted in actual prejudice to him, as he must do in order to prevail on a motion under Rule 60(b)(3). Summers v. Howard Univ., 374 F.3d 1188, 1193 (D.C. Cir. 2004)

-2-

(stating that the victim of fraud or misrepresentation or misconduct must also demonstrate actual prejudice to warrant relief).  Nor can Cain show that he is due relief under Rule 60(b)(6), which "'should be only sparingly used'" and only in "'extraordinary circumstances'" and not to "'rescue a litigant from strategic choices that later turn out to be improvident.'" Kramer v. Gates, 481 F.3d 788, 791-92 (D.C. Cir. 2007) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950) and Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).  Here, Cain cannot show that pursuing his administrative remedies after filing a civil action, instead of before as he was required to do, constitutes the kind of extraordinary circumstances required for relief under Rule 60(b)(6). Accordingly, it is hereby

ORDERED that Cain's motion [11] for relief from the order of dismissal be, and hereby is, DENIED.

SIGNED this 4th day of March, 2008.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```